NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVEN PHARMACEUTICALS, INC., | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 11-cv-5997 (DMC)(MF |
| WATSON LABORATORIES, INC., and WATSON PHARMACEUTICALS, INC., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Plaintiff/Counterclaim Defendant Noven Pharmaceuticals, Inc. ("Noven") for Reconsideration of a portion of the Court's December 27, 2012 Markman Opinion and January 4, 2013 Amended Opinion pursuant to Local Civil Rule 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Noven's Motion for Reconsideration is **denied.**

## I. BACKGROUND

At the request of Noven and Defendant/Counterclaim Plaintiffs Watson Laboratories, Inc., and Watson Pharmaceuticals, Inc., (collectively "Watson"), a Markman hearing, pursuant to Local Patent Rule 4.5, was held before this Court on December 6, 2012. The parties sought the Court's interpretation of four disputed terms in U.S. Patent No. 6,210,705 (the "'705 patent")

and U.S. Patent No. 6,348,211 (the "'211 patent") (collectively the "patents-in-suit"). The patents-in-suit are directed to the Daytrana® transdermal patch, which provides a topical application of the drug methylphenidate, for the treatment of attention deficit hyperactivity disorder ("ADHD"). These disputed terms considered by the Court are: (1)"substantially zero order kinetics;" (2)"wherein the proportion of methylphenidate:silicone adhesive:acrylic adhesive (wt % dry) is about 5-30:0-70:0-70, respectively;" (3) "wherein the adhesive includes an acrylic which is a nonfunctional or minimally functional polymer" and; (4) "wherein the composition comprises no more than about 5 wt % of acid functional monomers"/ "wherein acid functional monomers are present in an amount of no more than about 5 wt %" (similar issue for claims specifying "no more than about 1 wt %"). After considering the parties' written and oral arguments, the Court set forth its construction of the disputed terms in its December 27, 2012 Markman Opinion (ECF No. 85) and January 4, 2013 Amended Opinion (ECF No. 91) (collectively the "Markman Opinions").

Noven filed the instant Motion for Reconsideration of a portion of the Markman Opinions and an accompanying Moving Brief ("Nov. Br.") on January 7, 2013. (ECF No. 94). Specifically, Noven seeks reconsideration of the Court's interpretation of the second term: ". . . about . . . 0-70%." Watson filed an Opposition Brief on January 22, 2013 ("Watson Opp."). Noven, with permission from this Court, filed a short Reply Brief to Watson's Opposition Brief on January 29, 2013. (ECF No. 103). The matter is now before this Court.

## II. STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).

Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

**III. DISCUSSION**

As to the second term ". . . about . . . 0-70%," Noven argues that the Court erroneously limited the term to rounding error, which Noven contends, is contrary to case law and is inconsistent with the admissions and arguments made by Watson at the Markman hearing. (Noven Br. 1). The Court finds that the arguments that Noven advances in its Moving Brief and

3

Reply Briefs[1] do not comport with any of the three recognized bases for reconsideration in the Third Circuit. Noven again relies on <u>Cohesive Techs., Inc. v. Waters Corp.</u>, 543 F.3d 1351, 1368 (Fed. Cir. 2008), a case previously submitted to this Court during the Markman briefing and considered by this Court in reaching the decision espoused in the Markman Opinions. <u>Cohesive</u> requires that "about" must be interpreted in its technologic and stylistic context." <u>See</u> <u>Cohesive</u>, 543 F.3d at 1368 (citing <u>Pall Corp. v. Micron Separations, Inc.</u>, 66 F.3d 1211, 1217-18 (Fed. Cir. 1995)). Here, the Court's Amended Markman Opinion relied on the intrinsic record as support for construing "0-70" to mean 0-70 subject to rounding errors. Again, the patent specification "uses integers in 1% incremenets to refer to the percentages of each component of overall drug composition." (<u>See</u> ECF No. 91, Amended Markman Opinion, pg 9-10 (citing '211 patent, col. 8, l.26-col. 10, Examples 1-29)). While the specification does disclose some examples that "show compositions with 80% acrylic adhesive" and "90% acrylic adhesive," those compositions were not claimed. (<u>Id.</u>, pg. 10). Accordingly, as the Court previously stated in the Amended Markman Opinion, the placement of the word "about" in front of the range "0-70," does allow some additional range, i.e., rounding decimals to whole numbers, however, the term "about" "does not allow the 0-70 range of acrylic adhesive present to be modified to include at least 0-80." (<u>Id.</u>, pg, 10).

---

[1] The Court would also like to note that Noven wrote the Court on Janaury 28, 2013 (ECF No. 101), seeking permission to submit a short reply brief for purposes of addressing, among other things, the case <u>Viskase Corp. v. American National Can Co.</u>, 261 F.3d 1316 (Fed. Cir. 2011, letter. However, the bulk of Noven's Reply Brief simply re-hashed old argument, and little space was spent addressing the <u>Viskase</u> case.

## IV. CONCLUSION

For the foregoing reasons, Noven's Motion for Reconsideration is **denied**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:   June 5, 2013
Orig.:  Clerk
cc:     Hon. Mark Falk, U.S.M.J.
        All Counsel of Record
        File